UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
JOHN WILLIS, PHILLIP WILLIS and SHANDEE
WILLIS,                                                                          CV-13-2603 (SJ)(JO)

                                        Plaintiffs,

                                                                                   AMENDED
                        -against-                                               COMPLAINT

THE CITY OF NEW YORK, POLICE OFFICER MICHAEL
YU, Shield No. 19716, SGT. JAMES GRILLO, Shield No.                            Jury Trial Demanded
2504, POLICE OFFICER ANDREW KAMNA, Shield No.
24865, POLICE OFFICER ANTHONY GONZALEZ,
Shield No. 23850,  and JOHN and JANE DOE 1 through 3,
Individually and in their official capacities (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                        Defendants.
-------------------------------------------------------------------------x

        Plaintiffs, JOHN WILLIS, PHILLIP WILLIS and SHANDEE WILLIS, by their

attorney, EDWARD FRIEDMAN, complaining of the defendants, respectfully allege as

follows:

## PRELIMINARY STATEMENT

        1.      Plaintiffs bring action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S. §§ 1983 and 1988 for violation of the   plaintiffs' civil

rights, as said rights are secured by said statutes and the Constitution of the State of New

York and the United States.

## JURISDICTION

        2.      The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiffs are legal residents of the United States and residents of the State of New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.     That at all times hereinafter mentioned, the defendants, MICHAEL YU, JAMES GRILLO, ANDREW KAMNA, ANTHONY GONZALEZ  and  JOHN and JANE DOE 1 Through 3 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or

2

through their employees, were acting under color of state law and/or in compliance with the officials rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12.     Each and all of the acts to be alleged herein were done by said individuals while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## **FACTS**

13.     On or about July 11, 2012,   at approximately 6:05 A.M., at premises 104 Somers Street, in the County of Kings, City and State of  New York, the legal residence of the plaintiffs, the defendants members of the New York city Police Department, unlawfully and without justification, forcibly  entered plaintiffs' apartment, illegally searched and ransacked same and destroyed plaintiffs' personal property.

14.     Plaintiffs were detained, handcuffed, detained in their residence, taken to the 73rd New York City Police Precinct and subsequently to Central  Booking in Kings County, City and State of New York, where they were released from custody prior to arraignment.  Plaintiffs were held in custody in excess of  30 hours.

15.     As a result of the foregoing, plaintiffs JOHN WILLIS, PHILLIP WILLIS and SHANDEE WILLIS sustained, *inter alia*,, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

3

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF JOHN WILLIS
(Deprivation of Rights Under 42 U.S.C.§1983)

16.      Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" with the same force and effect as if fully set forth herein.

17.      All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

18.      All of the aforementioned acts deprived plaintiff JOHN WILLIS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

19.      The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

20.      The acts complained of were carried out by the aforementioned individual defendants in their capacities as police offices, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

21.      Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

4

22.     As a result of the aforementioned conduct of defendants, plaintiff JOHN WILLIS was injured.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF JOHN WILLIS
#### (Supervisory Liability Under 42 U.S.C. §1983)

23.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs number "1" though "22" with the same force and effect as if fully set forth herein.

24.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

25.     As a result of the aforementioned conduct of defendants, plaintiff JOHN WILLIS  was injured.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF JOHN WILLIS
#### (Failure To Intervene Under 42 U.S.C. §1983)

26.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "25" with the same force and effect as if fully set forth herein.

27.     Defendants had an affirmative duty to intervene on behalf of plaintiff JOHN WILLIS, whose constitutional rights were being violated in their presence by other officers.

28.     The defendants failed to intervene to prevent the unlawful conduct described herein.

5

29.     As a result of the foregoing, plaintiff JOHN WILLIS' liberty was restricted for an extended period of time, he was restrained, put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF JOHN WILLIS
### (False Arrest Under 42 U.S.C. §1983)

30.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31.     The defendants unlawfully arrested the plaintiff JOHN WILLIS against his will without probable cause.

32.     As a result of the foregoing, plaintiff JOHN WILLIS   was deprived of his Fourth and Fourteenth Amendment rights.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF JOHN WILLIS
### (Municipal LiabilityUnder 42 U.S.C. §1983)

33     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a de facto blanket policy, custom or practice of encouraging the unlawful arrests, ethnic bias, detention and use of excessive force against black males by the NYPD.   In Addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff JOHN WILLIS' rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

36.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JOHN WILLIS.

37.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JOHN WILLIS  as alleged herein.

38.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JOHN WILLIS as alleged herein.

39.     As a result of the foregoing customs, policies, usages, practices, procedures

7

and rules of the City of New York and the New York City Police Department, plaintiff JOHN WILLIS was unlawfully seized, detained and incarcerated.

40. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JOHN WILLIS' constitutional rights.

41. All of the foregoing acts by defendants deprived plaintiff JOHN WILLIS of federally protected rights, including, but not limited to, the right:

      A. Not to be deprived of liberty without due process of law;

      B. To be free from false arrest, abuse of process, and malicious prosecution.

42. As a result of the foregoing, plaintiff JOHN WILLIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants I an amount to be fixed by a jury.

## Supplemental State Law Claims

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

45.     The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

46.     The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

47.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

48.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF JOHN WILLIS**
(False Arrest Under the Laws of the State of New York)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     Plaintiff JOHN WILLIS was arrested and held against his will in police custody in excess of  30  hours.

51.     As a result of the aforementioned conduct, plaintiff JOHN WILLIS was unlawfully detained in violation of the laws of the State of New York.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF JOHN WILLIS**
(Negligent Screening, Hiring and Retention  Under the Laws of the State of New York)

52.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff JOHN WILLIS.

54.     Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF JOHN WILLIS
(Negligent Training and Supervision  Under the Laws of the State of New York)

55     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff JOHN WILLIS.

## AS AND FOR A NINTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF JOHN WILLIS
(Negligence  Under the Laws of the State of New York)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained

in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     Plaintiff JOHN WILLIS' injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A TENTH  CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF JOHN WILLIS
(*Respondeat Superior* Liability Under the Laws of the State of New York)

59.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

61.     As a result of the foregoing, plaintiff JOHN WILLIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this  action.

## **FEDERAL CLAIMS**

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF PHILLIP WILLIS
(Deprivation of Rights Under 42 U.S.C.§1983)

62.     Plaintiff repeats, reiterates and realleges each and every allegation contained in  paragraphs "1" through "61" with the same force and effect as if fully set forth herein.

63.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

64.     All of the aforementioned acts deprived plaintiff PHILLIP WILLIS  of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

65.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

66.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police offices, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

67.     Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

68.      As a result of the aforementioned conduct of defendants, plaintiff PHILLIP WILLIS was injured.

12

**AS AND FOR A TWELFTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF PHILLIP WILLIS**
(Supervisory Liability Under 42 U.S.C. §1983)

69.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs number "1" though "68" with the same force and effect as if fully set forth herein.

70.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to property supervise and train their subordinate employees.

71.     As a result of the aforementioned conduct of defendants, plaintiff PHILLIP WILLIS  was injured.

**AS AND FOR A THIRTEENTH  CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF PHILLIP WILLIS**
(Failure To Intervene Under 42 U.S.C. §1983)

72.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "71" with the same force and effect as if fully set forth herein.

73.     Defendants had an affirmative duty to intervene on behalf of plaintiff PHILLIP WILLIS,  whose constitutional rights were being violated in their presence by other officers.

74.     The defendants failed to intervene to prevent the unlawful conduct described herein.

75.     As a result of the foregoing, plaintiff PHILLIP WILLIS' liberty was restricted for an extended period of time, he was restrained, put in fear of his safety, and he was

humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF PHILLIP WILLIS
(False Arrest Under 42 U.S.C. §1983)

76.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.    The defendants unlawfully arrested the plaintiff PHILLIP WILLIS against his will without probable cause.

78.    As a result of the foregoing, plaintiff PHILLIP WILLIS   was deprived of his Fourth and Fourteenth Amendment rights.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF PHILLIP WILLIS
(Municipal LiabilityUnder 42 U.S.C. §1983)

79    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

81.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a de facto

14

blanket policy, custom or practice of encouraging the unlawful arrests, ethnic bias, detention and use of excessive force against black males by the NYPD. In Addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff PHILLIP WILLIS' rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

82.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff PHILLIP WILLIS.

83.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff PHILLIP WILLIS as alleged herein.

84.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff PHILLIP WILLIS as alleged herein.

85.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the city of new York and the New York City Police Department, plaintiff PHILLIP WILLIS was unlawfully seized, detained and incarcerated.

15

86.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff PHILLIP WILLIS' constitutional rights.

87.     All of the foregoing acts by defendants deprived plaintiff PHILLIP WILLIS of federally protected rights, including, but not limited to, the right:

      A.     Not to be deprived of liberty without due process of law;

      B.     To be free from false arrest, abuse of process, and malicious prosecution;

88.     As a result of the foregoing, plaintiff PHILLIP WILLIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants I an amount to be fixed by a jury.

## Supplemental State Law Claims

89.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90 .     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon,  presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

91.     The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

92.     The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

93.     Plaintiff has  complied with all conditions precedent to maintaining the instant action.

94.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF PHILLIP WILLIS
(False Arrest Under the Laws of the State of New York)

95.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.     Plaintiff PHILLIP WILLIS  was arrested and held against his will in police custody in excess of thirty  hours.

97.     As a result of the aforementioned conduct, plaintiff PHILLIP WILLIS  was unlawfully detained in violation of the laws of the State of New York.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF PHILLIP WILLIS
(Negligent Screening, Hiring and Retention  Under the Laws of the State of New York)

98     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "97 " with the same force and effect as if fully set forth herein.

99 .    Upon  information  and  belief,  defendant  City  of  New  York  failed  to  use

reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff PHILLIP WILLIS.

100     Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF PHILLIP WILLIS
(Negligent Training and Supervision  Under the Laws of the State of New York)

101     Plaintiff  repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.     Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff PHILLIP WILLIS.

## AS AND FOR A NINETEENTH  CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF PHILLIP WILLIS
(Negligence  Under the Laws of the State of New York)

103.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.     Plaintiff PHILLIP WILLIS' injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged

in the wrongful conduct described herein.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF PHILLIP WILLIS
### (*Respondeat Superior* Liability Under the Laws of the State of New York)

105.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.    Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

107.    As a result of the foregoing, plaintiff PHILLIP WILLIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## FEDERAL CLAIMS

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF SHANDEE WILLIS
### (Deprivation of Rights Under 42 U.S.C.§1983)

108.    Plaintiff repeats, reiterates and realleges each and every allegation contained in  paragraphs "1" through "107" with the same force and effect as if fully set forth herein.

109.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

110.    All of the aforementioned acts deprived plaintiff SHANDEE WILLIS  of the

rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

111. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

112.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police offices, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

113   Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

114   As a result of the aforementioned conduct of defendants, plaintiff SHANDEE WILLIS was injured.

## AS AND FOR A TWENTY-SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF SHANDEE WILLIS
### (Supervisory Liability Under 42 U.S.C. §1983)

115   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs number "1" though "114" with the same force and effect as if fully set forth herein.

116.   The supervisory defendants personally caused plaintiff's constitutional injury

20

by being deliberately or consciously indifferent to the rights of others in failing to property supervise and train their subordinate employees.

117.    As a result of the aforementioned conduct of defendants, plaintiff SHANDEE WILLIS was injured.

### AS AND FOR A TWENTY-THIRD  CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF SHANDEE WILLIS
#### (Failure To Intervene Under 42 U.S.C. §1983)

118.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "117" with the same force and effect as if fully set forth herein.

119.    Defendants had an affirmative duty to intervene on behalf of plaintiff SHANDEE WILLIS   whose constitutional rights were being violated in their presence by other officers.

120.    The defendants failed to intervene to prevent the unlawful conduct described herein.

121.    As a result of the foregoing, plaintiff SHANDEE WILLIS' liberty was restricted for an extended period of time, she was restrained, put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### AS AND FOR A TWENTY-FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF SHANDEE WILLIS
#### (False Arrest Under 42 U.S.C. §1983)

122    Plaintiff repeats, reiterates and realleges each and every allegation contained

21

in paragraphs numbered "1" through "121" with the same force and effect as if fully set forth herein.

123.    The defendants unlawfully arrested the plaintiff SHANDEE WILLIS against her will without probable cause.

124.    As a result of the foregoing, plaintiff SHANDEE WILLIS   was deprived of her Fourth and Fourteenth Amendment rights.

### AS AND FOR A TWENTY-FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF SHANDEE WILLIS
(Municipal LiabilityUnder 42 U.S.C. §1983)

125.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "124" with the same force and effect as if fully set forth herein.

126.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

127.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a de facto blanket policy, custom or practice of encouraging the unlawful arrests, ethnic bias, detention and use of excessive force against  black   males females by the NYPD.   In Addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff SHANDEE WILLIS' rights as described herein.   As a result of the

22

failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

128.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff SHANDEE WILLIS.

129.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff SHANDEE WILLIS as alleged herein.

130.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff SHANDEE WILLIS as alleged herein.

131.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the city of new York and the New York City Police Department, plaintiff SHANDEE WILLIS was unlawfully stopped, seized,  detained and incarcerated.

132.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff SHANDEE WILLIS' constitutional rights.

133.   All of the foregoing acts by defendants deprived plaintiff SHANDEE WILLIS of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from false arrest, abuse of process, and malicious prosecution;

134.   As a result of the foregoing, plaintiff SHANDEE WILLIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants I an amount to be fixed by a jury.

### Supplemental State Law Claims

135   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "134" with the same force and effect as if fully set forth herein.

136.   Within ninety (90) days after the claim herein accrued, plaintiff duly served upon,  presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

137.   The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

138,   The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

139.   Plaintiff has  complied with all conditions precedent to maintaining the

instant action.

140.    This action falls within one or more of the exceptions as outlined in C.P.L.R.

1602.

### AS AND FOR AN TWENTY-SIXTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF SHANDEE WILLIS
(False Arrest Under the Laws of the State of New York)

141.    Plaintiff repeats, reiterates, and realleges each and every allegation contained

in paragraphs numbered "1" through "140" with the same force and effect as if fully set forth

herein.

142.    Plaintiff SHANDEE WILLIS  was arrested and held against her will in police

custody in excess of thirty  hours.

143.    As a result of the aforementioned conduct, plaintiff SHANDEE WILLIS  was

unlawfully detained in violation of the laws of the State of New York.

### AS AND FOR A TWENTY-SEVENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF SHANDEE WILLIS
(Negligent Screening, Hiring and Retention  Under the Laws of the State of New York)

144.    Plaintiff repeats, reiterates, and realleges each and every allegation contained

in paragraphs numbered "1" through "143" with the same force and effect as if fully set forth

herein.

145.    Upon information and belief, defendant City of New York failed to use

reasonable care in the screening, hiring and retention of the aforesaid defendants who

conducted and participated in the arrest of plaintiff SHANDEE WILLIS.

146.    Defendant City of New York knew, or should have known in the exercise of

reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

## AS AND FOR A TWENTY-EIGHTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF SHANDEE WILLIS
### (Negligent Training and Supervision  Under the Laws of the State of New York)

147.   Plaintiff  repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "146" with the same force and effect as if fully set forth herein.

148.   Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff SHANDEE WILLIS.

## AS AND FOR A TWENTY-NINTH  CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF SHANDEE WILLIS
### (Negligence  Under the Laws of the State of New York)

149.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "148" with the same force and effect as if fully set forth herein.

150.   Plaintiff SHANDEE WILLIS' injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A THIRTIETH  CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF SHANDEE WILLIS
### (*Respondeat Superior* Liability Under the Laws of the State of New York)

151.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "150" with the same force and effect as if fully set forth herein.

152.   Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

153.   As a result of the foregoing, plaintiff SHANDEE WILLIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this  action.

WHEREFORE, plaintiffs demand judgment and pray for the following relief, jointly and severally, against the defendants:

A.     Full and fair compensatory damages for each plaintiff in an amount to be determined by a jury;

B.     Punitive damages for each plaintiff in an amount to be determined by a jury;

C.     Reasonable attorney's fees and the costs and disbursements of  their actions; and

D.     Such other and further relief as appears just and proper.

Dated:  Brooklyn, New York
        August 20, 2013

                                        s/ _____

                                        EDWARD FRIEDMAN (EDF 4000)

27

Attorney for Plaintiffs

26 Court Street - Suite 1903
Brooklyn, New York   11242
(718) 852-8849


TO:   MICHAEL A. CARDOZO, ESQ.
      Corporation Counsel, City of New York
      Attorney for Defendants
      100 Church Street
      New York, New York 10007

      Attention: Uriel B. Abt, Esq.
                 Assistant Corporation Counsel